UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN TIERNEY,

      Plaintiff,

v.

Case No. 16-cv-11379

HON. MARK A. GOLDSMITH

HSBC CONSUMER LENDING
MORTGAGE SERVICES, INC., et al.,

      Defendants.
_____/

**OPINION AND ORDER
GRANTING DEFENDANTS' UNOPPOSED MOTION FOR SUMMARY JUDGMENT
(Dkt. 19), DENYING DEFENDANTS' UNOPPOSED MOTIONS IN LIMINE (Dkts. 23,
24) AS MOOT, AND DISMISSING CASE WITH PREJUDICE**

Plaintiff John Tierney filed this lawsuit against Defendants HSBC Consumer Lending Mortgage Services, Inc. ("HSBC") and Household Finance Corporation III ("HFC III") (collectively "Defendants"), alleging violations of the Fair Debt Collection Practices Act and Michigan's Anti-Lockout Statute, as well as statutory and common-law conversion. See generally Compl. (Dkt. 1). Defendants have filed an unopposed motion for summary judgment (Dkt. 19).[1] For the reasons discussed below, summary judgment in favor of Defendants is

---

[1] On January 11, 2017, Tierney filed an untimely cross-motion for summary judgment (Dkt. 26), which the Court struck for its noncompliance with this district's Local Rules and prior orders of the Court (Dkt 28). Tierney did not attempt to file a compliant motion. On April 24, 2017, nearly four months after the deadline to file a response, Tierney filed a motion for leave to file a response to Defendants' motion for summary judgment (Dkt. 33). That motion was also stricken for its noncompliance (Dkt. 36). Moreover, Tierney's motion for leave failed to cite or even reference the appropriate legal standard. Pursuant to Federal Rule of Civil Procedure 6, this Court may, for good cause, extend the time to file an untimely response "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). The excusable neglect standard is "strict, and can be met only in extraordinary cases." Turner v. City of Taylor, 412 F.3d 629, 650 (6th Cir. 2005) (emphasis added). Tierney must first demonstrate that his failure to meet the deadline was a case of neglect. Wikerson v. Jones, 211 F. Supp. 2d 856, 858 (E.D. Mich. 2002).

1

appropriate and, therefore, the Court grants the motion. Consequently, Defendants' unopposed motions in limine (Dkts. 23, 24) are denied as moot.

## I. BACKGROUND

In his complaint, Tierney states that he resides in Rochester, Michigan, and claims that Defendants attempted to foreclose on his property on December 1, 2015. See Compl. ¶¶ 10-13. According to Tierney, Defendants changed the locks on the subject property on January 24, 2015, which was before either the statutory redemption period had expired or the commencement of any eviction proceeding. Id. ¶¶ 14-16. Tierney regained access to the property after Defendants rekeyed the locks and provide Tierney with a key on February 3, 2016. Id. ¶ 21.

## II. ANALYSIS

A "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In evaluating the evidence, courts draw all inferences in favor of the non-moving party. Warf v. U.S. Dep't of Veterans Affairs, 713 F.3d 874, 877 (6th Cir. 2013). "After the moving party has satisfied its burden, the burden shifts to the non-moving party to set forth 'specific facts showing that there is a genuine issue for trial.'" Am. Beverage Ass'n v. Snyder, 735 F.3d 362, 369 (6th Cir. 2013) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).

The facts, as set forth by Defendants in their motion for summary judgment, appear to be straightforward and undisputed. In failing to respond to the motion, Tierney has not offered any facts that would preclude judgment in favor of Defendants. Nonetheless, where a motion for

---

Second, Tierney must establish that the failure to act was excusable. Id. In his motion, Tierney did not argue that his failure to meet the deadline to file a response in December 2016 was a case of neglect. Nor did Tierney attempt to establish that his failure to act was excusable. As such, Defendants' motion for summary judgment remains unopposed.

summary judgment is unopposed, courts must still "intelligently and carefully review the legitimacy of such an unresponded-to motion," and, in particular, flag any factual assertions that are either misstated or taken out of context. Guarino v. Brookfield Twp. Trs., 980 F.2d 399, 407 (6th Cir. 1992). The Court has reviewed the record provided by Defendants, and concludes that the material facts are not in dispute, nor have they been misstated or taken out of context. All that remains is whether Defendants are entitled to judgment as a matter of law.

First, Defendants argue that HSBC is a non-legal entity and should be dismissed from the suit outright. See Def. Br. at 1, 10-11. According to Defendants, HSBC has never "been an existing corporate entity under any law," because it "is only an internal business name to describe the business unit in which legal entities, including HFC III, operate." Def. Statement of Material Facts ("SMF") ¶ 1. The Court agrees with Defendants that HSBC lacks the capacity to sue or be sued in this action because it is an undisputed fact that HSBC is not a distinct legal entity. Fed. R. Civ. P. 17(b); Hirmiz v. GMAC Ins. Co., No. 14-cv-10766, 2015 WL 5697598, at *3 (E.D. Mich. Sept. 29, 2015); Walen v. Sprint, No. 06-14201, 2008 WL 324121, at *1 (E.D. Mich. Feb. 5, 2008). Having failed to respond, Tierney has failed to identify any Michigan law that would permit a suit against HSBC as a non-legal entity. See Fed. R. Civ. P. 17(b)(3) (for parties that are not individuals or corporations, the "[c]apacity to sue or be sued is determined . . . by the law of the state whether the court is located.").

Second, Defendants argue that the Michigan's Anti-Lockout Statute, Mich. Comp. Laws § 600.2918, only applies to a landlord-tenant relationship, as opposed to a mortgagor-mortgagee relationship. See Def. Br. at 1, 11-14. Because Tierney obtained a mortgage loan from HFC III to purchase the subject real property in Rochester, Michigan, and did not lease the property in question, Def. SMF ¶ 2, Defendants argue that the Tierney is not a tenant and cannot bring a

claim for relief under the statute. The Court agrees. Because the statute does not apply to a mortgagor-mortgagee relationship, see Nieporte v. Citimorgage, Inc., No. 11-10940, 2011 WL 3032331, at *6 (E.D. Mich. July 25, 2011), and the undisputed facts show that Tierney and HFC III had a mortgagor-mortgagee relationship, Tierney's claim fails.

Third, in regard to Tierney's statutory and common-law conversion claims, Defendants argue that Tierney is improperly seeking money damages for undamaged personal property that is currently in his possession. See Def. Br. at 1-2, 17-20. Defendants contend that entitling Tierney to both the possession of the personal property and money damages amounts to impermissible double recovery. Id. at 18. Because the undisputed evidence shows that Tierney is in possession of his undamaged personal property, see Def. SMF ¶¶ 9-14, the Court agrees with Defendants that Tierney cannot also recover money damages for that property, see In re Stewart, 499 B.R. 557, 570 (Bankr. E.D. Mich. 2013).

Fourth, Defendants argue that Tierney has neither pled nor proved that any statutory conversion was accomplished to advance Defendants' own use. See Def. Br. at 2, 20-22. Unlike common-law conversion, statutory conversion requires that a plaintiff prove that a defendant converted property to his or her "own use." Mich. Comp. Laws § 600.2919a(1)(a). The Michigan Supreme Court has held that conversion to the defendant's "own use" requires that the plaintiff "show that the defendant employed the converted property for some purpose personal to the defendant's interests, even if that purpose is not the object's ordinarily intended purpose." Aroma Wines & Equip., Inc. v. Columbian Distribution Servs., Inc., 871 N.W. 2d 136, 148 (Mich. 2015). In Aroma Wines, the Michigan Supreme Court concluded that statutory conversion may include a situation where the conversion is leveraged against the plaintiff for payment. Id. at 148-149. However, unlike in Aroma Wines, the undisputed facts in this case

4

show that Defendants did not rekey the property as a means of threatening Tierney or to leverage any sort of payment. Def. SMF ¶ 5. Rather, the rekeying was an accident and immediately corrected. Id. ¶¶ 7-8. Therefore, the Court agrees with Defendants that Tierney has failed to allege, much less prove, that Defendants converted any property for their own use, as required under Mich. Comp. Laws § 600.2919a(1)(a).

Finally, Defendants argue that, as a matter of law, Tierney cannot maintain a claim under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., against the creditor of his loan. See Def. Br. at 2, 23-24. Because the undisputed facts show that HFC III is the holder of Tierney's mortgage loan, see Def. SMF ¶ 2, the Court agrees with Defendants that HFC III was not acting as a debtor collector and is not subject to liability under the Act, see Montgomery v. Huntington Bank, 346 F.3d 693, 699 (6th Cir. 2003) ("[T]he federal courts are in agreement: A bank that is a creditor is not a debt collector for the purposes of the FDCPA and creditors are not subject to the FDCPA when collecting their accounts.").

### III. CONCLUSION

For the reasons stated above, Defendants' unopposed motion for summary judgment (Dkt. 19) is granted. Defendants' unopposed motions in limine (Dkts. 23, 24) are denied as moot. This case is dismissed with prejudice. A separate judgment will be entered.

SO ORDERED.

Dated: April 25, 2017  s/Mark A. Goldsmith
    Detroit, Michigan  MARK A. GOLDSMITH
                                       United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 25, 2017.

s/Karri Sandusky
Case Manager
